## WILCOX v. NEW YORK, N. H. & H. R. CO.

(Circuit Court, S. D. New York. June 15, 1897.)

NEW TRIAL—SUFFICIENCY OF EVIDENCE.

> When one person might think one way and another another upon evidence, it cannot be said that a jury were influenced by any wrong motives in finding either way upon it.

This was an action by Lucina H. Wilcox, administratrix, against the New York, New Haven & Hartford Railroad Company to recover for the alleged negligent killing of her husband. A verdict was returned for plaintiff, and the defendant has moved for a new trial.

W. L. Snyder, for plaintiff.

Henry W. Taft, for defendant.

WHEELER, District Judge. At Mamaronec, on the main line of the defendant's road, where there are four tracks straight for about two miles, with a highway bridge over them a little less than a mile west, the station where tickets are sold and baggage is checked is

on the north side of the tracks, and there is a small waiting room with a platform on the south side of the tracks, from which passengers take trains going east, and there is a fence between the south track and the one next to it, which extends about 70 feet east of the waiting room. The plaintiff and her husband, the intestate, came to the waiting room to take a train east, a little before train time. He started to go along the track, and around the east end of the fence to the station on the north side for tickets and checks. A fast train came along and struck and killed him when he was within about 15 feet of the end of the fence.

After a verdict for the plaintiff, the defendant has moved for a new trial on account of the finding of the jury upon the evidence as to contributory negligence, because the great weight of the evidence is said to have been, on that question, on the side of the defendant. There is no question but that it is within the power, and may be within the duty, of a court to set aside a verdict when it appears to have been found from passion or prejudice, and not upon a fair consideration of the evidence, although there may have been sufficient evidence on each side to require it to be submitted to the jury. The claim here is that, although there was evidence on both sides of this question, the weight of evidence was so great on the defendant's side as to show that the verdict was not fairly reached upon consideration of the whole. The evidence from the plaintiff herself showed that she and her husband, after looking in the waiting room to see if they could get tickets, went to the tracks, and looked up and down, and saw no train either way, and that he started along the track towards the end of the fence; and from others that immediately afterwards a train from the west, coming at the rate of 65 miles an hour, rushed by, and struck him. This evidence as to looking was contradicted by one witness on the part of the defendant, but was confirmed in part by another. On account of her interest, the defendant claims that the balance of direct evidence was largely in its favor as to whether they so looked; and that as the track was straight, and in sight, so far to the westward, if they had looked, they would have seen the train. The great speed of the train would bring it from beyond sight to where they were within less than two minutes, and they might have looked before he started, and the train not have been in sight at all, or have been so far away as not to be noticed by them; and upon the question as to whether they looked or not, the balance of the proof by witnesses would seem to be quite as much in favor of their looking as not.

The defendant also insists that the intestate could and should have gone along the south side of the track to opposite the end of the fence, and then have crossed over; and that when he heard the train he should have gone off on the south side, and been out of its way. The evidence shows that there was no notice to passengers to take any particular way around the end of the fence; that the surface of the roadbed at the edge of the stone ballast of the road on the south side towards opposite the end of the fence was narrow; and that people usually went along the track around the end of the fence, as he started to go, instead of going that way. Under all the

circumstances, it seems to have been a fair question for the jury whether the intestate was in fault in taking the course he did after looking out, as they must have found he did, for the train; and also whether, under the circumstances, when he saw the train coming directly towards him, as he could judge of its speed in that position, and without time to reflect, he should try to go around the end of the fence, rather than off at the side. All these circumstances were to be taken together, and upon all of them the jury had good grounds for deciding either way, as the evidence should have weight with them, whether he was in fault or not. When one person might think one way and another another, upon evidence, it cannot be said that a jury were influenced by any wrong motives in finding either way upon it. As this is the only question made upon this motion for a new trial, this review of the evidence and of circumstances fails to lead to any just conclusion that the verdict was not fairly reached. **Motion overruled.**